# 2006 DTA 26

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**
**PANEL X**

DEPARTAMENTO DE LA FAMILIA
Recurrido

v.

DELIRIS CAMACHO, JESÚS SANTIAGO LE FRANC
Peticionarios

Núm. KLCE-05-01655

San Juan, Puerto Rico, a 9 de diciembre de 2005

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Hernández Torres

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

### I

Los peticionarios Deliris Camacho y Jesús Santiago Le Franc son casados entre sí y residentes de Ponce. La Sra. Camacho tiene cinco hijos de un matrimonio anterior, tres varones y dos hembras, todos menores de edad. El peticionario Jesús Santiago es padrastro de los niños y se ha encargado de ellos, junto con la peticionaria. La pareja tiene además dos hijos propios, un niño y una niña.

El peticionario Jesús Santiago es pensionado del ejercito.

La familia ha sido objeto de investigación por la parte recurrida, el Departamento de la Familia, en varias ocasiones. Según se desprende de los documentos sometidos en apoyo al recurso, para 2001, el Departamento de la Familia recibió varios referidos de la Línea de Maltrato relacionados con la familia, los cuales fueron investigados por la agencia sin que, aparentemente, se llegara a tomar determinación adversa alguna. Para 2002, hubo otras intervenciones.

En marzo de 2004, la segunda hija de la peticionaria, Z.V.C., le comentó a algunas amigas durante un *"pijama party"* que sus hermanos mayores la tocaban, le introducían el dedo y le pasaban el pene por sus partes íntimas. Para esta fecha, la niña tenía 11 años, sus dos hermanos 17 y 15 años, respectivamente.

Otra de las niñas en la fiesta le contó lo manifestado por Z.V.C. a sus padres, quienes procedieron a notificar a las autoridades. La menor Z.V.C. fue entrevistada por los funcionarios del Departamento de la Familia, reiterándose en su versión. Al conocer de la información, la peticionaria supuestamente se tornó hostil. Las partes acordaron que los dos jóvenes fueran removidos de las residencia por el personal del Departamento y colocados en el hogar de su padre. Los tres menores fueron referidos al personal de la Universidad Carlos Albizu para evaluación y tratamiento.

El Departamento de la Familia presentó una solicitud ante la Sala de Ponce del Tribunal de Primera Instancia, para la remoción de emergencia de la menor del hogar de los peticionarios, conforme a la dispuesto por la Ley para el Bienestar y la Protección Integral de la Niñez, 8 L.P.R.A. secs. 444 y ss. (Supl. 2005). Esta

solicitud fue denegada de primera intención por el Tribunal de Primera Instancia, mediante resolución emitida el 30 de abril de 2004. El asunto permaneció bajo investigación por el Departamento de la Familia.

En agosto de 2004, en vista de que el Departamento de la Familia aún no había presentado cargos contra los dos jóvenes, la parte peticionaria instó un recurso de *hábeas corpus* ante el Tribunal de Primera Instancia, reclamando que le fuera devuelta la custodia de los menores. Esta solicitud fue denegada por el Tribunal el 13 de agosto de 2004, luego de haber celebrado una vista evidenciaria.

Poco después, el 9 de septiembre de 2004, el Departamento de la Familia procedió a una segunda petición de remoción de custodia, bajo la citada Ley para el Bienestar y la Protección Integral de la Niñez, solicitando que los peticionarios fuesen privados de la custodia de Z.V.C. y de los otros cuatro menores que en este momento residían con los peticionarios (los dos varones mayores, según hemos visto, habían sido colocados en la residencia de su padre y no estaban residiendo con los peticionarios). En esta ocasión, el Tribunal de Primera Instancia declaró con lugar la petición y ordenó que los menores fuesen colocados bajo la custodia del Departamento de la Familia.

Luego de otros trámites, se celebró la vista para la ratificación de la privación de custodia. Este señalamiento se extendió por varias sesiones. Las partes presentaron prueba en torno a la cuestión. Entre otras cosas, se presentaron varios informes por el personal de trabajo social del Departamento que estaba evaluando el caso. En el informe presentado el 22 de noviembre de 2004 por dicho personal se refirió que se había entrevistado a la familia de la menor Z.V.C. y que *"se ha podido comprobar que la misma familia no le cree y la consideran una niña sumamente mentirosa."*

El 7 de diciembre de 2004, el Tribunal determinó que la remoción de la menor Z.V.C. había sido realizada conforme a derecho y ratificó la misma. El Tribunal, sin embargo, determinó que la remoción de su hogar de los otros menores no había sido justificada y ordenó que el Departamento devolviera su custodia a los peticionarios. La menor Z.V.C. permaneció bajo la custodia del Departamento. El Tribunal le ordenó a dicha parte que intentara colocar a la menor en el hogar de algún recurso familiar.

El Departamento de la Familia no cumplió con dicha directriz, por lo que el 24 de diciembre de 2004, los peticionarios presentaron una solicitud de desacato ante el Tribunal. El Departamento de la Familia se opuso.

Poco después, el Departamento de la Familia presentó una solicitud para que el Tribunal emitiera una orden a las partes instruyendo abstenerse de divulgar información sobre el procedimiento. El 13 de enero de 2005, el Tribunal emitió la orden solicitada.

El 27 de mayo de 2005, el Departamento de la Familia presentó una solicitud para que se le eximiera de continuar realizando esfuerzos razonables para que la menor pudiese reintegrarse a su hogar. Los peticionarios se opusieron a dicha solicitud. Las partes sometieron escritos adicionales en torno a la cuestión. El Tribunal de Primera Instancia señaló una vista evidenciaria para dilucidar dicha solicitud, la que, aparentemente, aún no se ha celebrado.

El 19 de julio de 2005, con miras a estar en posición de refutar los planteamientos del Departamento de la Familia en la vista mencionada, los peticionarios presentaron una moción solicitando que la menor Z.V.C. fuese evaluada por un perito de los peticionarios.

En esa misma fecha, los peticionarios también presentaron una solicitud de descubrimiento de prueba, suplicando al Tribunal que le ordenase al Departamento de la Familia producir varios documentos. Entre otras cosas, los peticionarios solicitaron copias de las notas y evaluaciones académicas de la menor, incluyendo exámenes, libretas y proyectos realizados por la niña, copia del registro de visitas recibidas por la menor en la

escuela, los reportes o misivas enviados a los tutores temporales de la menor, copia de sus récords médicos y/o de intevenciones de profesionales de la salud, sicólogos, trabajadores sociales, terapistas u otros funcionarios similares, copias de las declaraciones juradas de los testigos, los informes de los técnicos y trabajadores de salud, los informes periciales preparados en el caso y numerosos otros documentos e informes.

El Departamento de la Familia se opuso a la solicitud de los peticionarios de que se sometiera a la menor a una evaluación pericial. Dicha parte también solicitó prórroga para contestar la solicitud de descubrimiento de prueba formulada por los peticionarios.

El 13 de septiembre de 2005, el Tribunal de Primera Instancia celebró una conferencia sobre el estado de los procedimientos. Según se desprende del recurso, en dicha ocasión, el Tribunal supuestamente le ordenó al Departamento de la Familia proveer a los peticionarios los documentos solicitados en el término de 10 días. [1] El Tribunal concedió un término adicional a los peticionarios para replicar, en caso de estar insatisfechos con lo producido por la agencia.

El 30 de septiembre de 2005, el Departamento de la Familia presentó una moción urgente solicitando al Tribunal que suspendiera las reuniones familiares entre la menor y los peticionarios. En su moción, el Departamento planteó que la menor estaba siendo intimidada por los peticionarios, por haber acusado a sus hermanos. Los peticionarios se opusieron a dicha moción.

El 24 de octubre de 2005, el Tribunal emitió varias órdenes, las que suscitan el presente recurso. El Tribunal, entre otras cosas, concedió la solicitud del Departamento de la Familia para que se suspendieran las relaciones entre la menor Z.V.C. y los peticionarios. En su orden, el Tribunal aclaró que este remedio había sido concedido *"provisionalmente y sujeto a disposición posterior"*.

El Tribunal denegó la solicitud de los peticionarios para que la menor fuese examinada por un perito contratado por los peticionarios. Respecto a la solicitud de descubrimiento de prueba presentada por los peticionarios, el Tribunal ordenó a las partes atenerse a lo resuelto durante el señalamiento del 13 de septiembre de 2005.

El Tribunal se expresó de forma ambigua, con respecto a los escritos de las partes relacionados con la solicitud del Departamento de la Familia de que se relevara a la agencia de continuar realizando esfuerzos razonables para reunir a la menor con los peticionarios. El Tribunal indicó, con respecto a un escrito sometido por los peticionarios, que el asunto *"se determinará en futura vista correspondiente"*. No obstante, en otra de sus órdenes, relacionada con la posición asumida por el Departamento de la Familia, el Tribunal expresó: *"Ha Lugar. Como se pide."*

La parte peticionaria solicitó reconsideración a la orden del Tribunal suspendiendo provisionalmente las relaciones entre la menor y los peticionarios, solicitud que no fue atendida por el Tribunal de Primera Instancia.

Insatisfechos, los peticionarios acudieron ante este Tribunal.

## II
En su recurso, los peticionarios levantan varios señalamientos de error, cuestionando varias de las órdenes emitidas por el Tribunal de Primera Instancia. Los peticionarios plantean que el foro recurrido erró al denegar su solicitud de que se sometiera a la menor a un examen por un perito de los peticionarios y al no atender su solicitud de descubrimiento de prueba. Se quejan de que el Tribunal hubiera suspendido las relaciones entre la menor y los peticionarios y de que el Tribunal hubiese declarado con lugar la moción del Departamento de la Familia para que se relevara a la agencia de continuar haciendo esfuerzos razonables para preservar la unidad familiar, sin haber celebrado una vista, lo que, según los peticionarios, constituye una violación a su garantía a

un debido proceso de ley.

La Ley para el Bienestar y Protección Integral de la Niñez, 8 L.P.R.A. secs. 444 y ss. (Supl. 2005), según se conoce, persigue la protección de los menores que sean o puedan convertirse en víctimas de maltrato o negligencia.

La Ley autoriza al Departamento de la Familia para, en protección de un menor víctima de maltrato o negligencia, solicitar la suspensión de la patria potestad de sus padres y la privación de su custodia. 8 L.P.R.A. sec. 447f (Supl. 2005); véase, además, *Vargas, Crespo v. Soler de la Rosa*, 160 D.P.R. ___ (2004), **2004 J.T.S. 6**, a la pág. 516; *Depto. de la Familia v. Ramos*, 158 D.P.R. ___ (2003), **2003 J.T.S. 38**, a las págs. 709-710; *Depto. de la Familia v. Soto*, 147 D.P.R. 618, 632 (1999); *Pérez; Ex Parte v. Depto. de la Familia*, 147 D.P.R. 556, 565 (1999); *Pueblo en Interés Menores R.P.S. et al.*, 134 D.P.R. 123, 136 (1993); véase, además, *García, Pacheco v. E.L.A.*, 163 D.P.R. ___ (2005), **2005 J.T.S. 18**, a la pág. 734.

El estatuto autoriza a los técnicos y trabajadores sociales del Departamento de la Familia, así como a otros funcionarios y profesionales de la salud, a tomar bajo su custodia protectora a un menor por un período de 24 horas, en casos en que ello fuera necesario para su protección. 8 L.P.R.A. sec. 446b (Supl. 2005).

El Departamento de la Familia también está facultado para solicitar la privación temporera de la custodia del menor contra sus padres o encargados en situaciones de emergencia y para la protección del menor. 8 L.P.R.A. sec. 447f (Supl. 2005); *Vargas, Crespo v. Soler de la Rosa*, **2004 J.T.S. 6**, a la pág. 516; *Depto. de la Familia v. Ramos*, **2003 J.T.S. 38**, a las págs. 709-710.

En dichos casos, entre otras alternativas, el menor puede ser colocado bajo las custodia de su padre, madre, familiar, persona responsable del menor, del Departamento de la Familia o ser reubicado inmediatamente a algún otro lugar. 8 L.P.R.A. sec. 449c (Supl. 2005).

El Tribunal viene obligado a celebrar procedimientos posteriores para ratificar dicha actuación, 8 L.P.R.A. sec. 447h (Supl. 2005), y para dar seguimiento a la misma, 8 L.P.R.A. sec. 447j (Supl. 2005).

Se requiere al Departamento de la Familia rendir informes periódicos de evaluación sobre la situación, progreso físico y/o emocional del menor, así como los servicios ofrecidos. 8 L.P.R.A. sec. 447j (Supl. 2005).

La Ley dispone que toda decisión disponiendo el regreso del menor al hogar, debe estar sustentada por un informe realizado por un trabajador social, psicólogo o siquiatra debidamente licenciado en Puerto Rico. 8 L.P.R.A. sec. 447k (Supl. 2005).

La Ley dispone que el Departamento de la Familia, de ordinario, viene obligado a hacer esfuerzos razonables para preservar la integridad familiar, previo a ordenar la remoción de un menor de su hogar y que debe, asimismo, hacer esfuerzos para reunir al menor con su familia. 8 L.P.R.A. sec. 447s (Supl. 2005); *Depto. de la Familia v. Soto*, 147 D.P.R. a la pág. 632; *Pérez; Ex Parte v. Depto. de la Familia*, 147 D.P.R. a la pág. 565; *Pueblo en Interés Menores R.P.S. et al.*, 134 D.P.R. a la pág. 136.

El estatuto exime de esta obligación a aquellas situaciones en que *"[e]l padre o la madre ha causado daño físico o ha incurrido en maltrato y/o negligencia severa poniendo en grave riesgo la salud e integridad física, mental, emocional del menor"*. 8 L.P.R.A. sec. 447s (Supl. 2005).

En estos casos, el Departamento de la Familia goza de la facultad para solicitar al Tribunal la privación de la patria potestad sobre los menores, 8 L.P.R.A. secs. 447u y 447v (Supl. 2005). No obstante, debe brindarse a las partes una oportunidad razonable de ser escuchadas. *Depto. de la Familia v. Soto*, 147 D.P.R. a la pág. 643-

644.

Los intereses del menor son representados en este procedimiento por el Procurador Especial de Protección a Menores o por el Procurador de Relaciones de Familia, 8 L.P.R.A. sec. 447a (Supl. 2005); cf., *Vargas, Crespo v. Soler de la Rosa*, **2004 J.T.S. 6**, a la pág. 520.

La Ley confiere amplia facultad al Tribunal para emitir órdenes de protección a favor de los menores. 8 L.P. R.A. secs. 448b (Supl. 2005).

Los funcionarios del Departamento de la Familia, entre otros, tienen legitimación para solicitar este tipo de órdenes. 8 L.P.R.A. sec. 448 (Supl. 2005).

La Ley requiere que se señale una vista de disposición final en un período no menor de 12 meses de haberse otorgado la custodia provisional del menor. 8 L.P.R.A. sec. 447k (Supl. 2005).

En estos casos, el estatuto dispone que "*de recomendar el regreso del menor al hogar, ... [se] debe demostrar razonablemente que las condiciones de riesgo existentes al momento de la remoción en dicho lugar no constituyen al presente un riesgo para el bienestar y la salud e integridad física, mental, emocional o sexual del menor.*" 8 L.P.R.A. sec. 447k (Supl. 2005).

El precepto añade que:

"*En los casos en que, luego de realizarse los esfuerzos razonables el tribunal determine que no se recomienda el regreso del menor al hogar de su padre, madre, persona responsable por éste o a otro hogar, el tribunal podrá otorgar la custodia al Departamento o se podrá iniciar el procedimiento para la privación de la patria potestad conforme a [la ley].*"

8 L.P.R.A. sec. 447k (Supl. 2005).

En la situación de autos, según hemos visto, el Tribunal de Primera Instancia dispuso que los peticionarios fuesen privados temporeramente de la custodia sobre su hija Z.V.C., ante las alegaciones de que la menor había estado siendo abusada sexualmente por sus hermanos mayores. El Departamento de la Familia plantea que los peticionarios permitieron dicha situación, que se han rehusado a admitir la veracidad de la versión ofrecida por la niña y que, en su lugar, han ejercido presión sobre la niña por haber denunciado la conducta de sus hermanos.

La agencia señala que la actitud adoptada por los peticionarios refleja que éstos no han realizado los ajustes en su conducta requeridos para proteger la salud de la menor. El Departamento de la Familia ha solicitado que se le releve de su obligación de hacer esfuerzos razonables para reunificar a la familia y ha solicitado que se suspendan provisionalmente las relaciones entre la menor y los peticionarios.

Los peticionarios se han opuesto a la pretensión del Departamento de la Familia.

Hasta donde hemos podido determinar de la información sometida por los peticionarios en su recurso, el Tribunal de Primera Instancia aún no ha celebrado una vista sobre disposición final en el caso, por lo que dicho foro aún no ha evaluado en sus méritos los planteamientos de las partes sobre la solicitud de la agencia de que se la releve de continuar haciendo esfuerzos razonables para reunificar a la familia.

Los peticionarios plantean que, en una de sus órdenes, el Tribunal de Primera Instancia declaró con lugar uno de los escritos presentados por el Departamento de la Familia en relación con dicho asunto, lo que sugiere que el foro recurrido adjudicó la cuestión. La orden en cuestión, sin embargo, resulta inconsistente con la

indicación ofrecida por el Tribunal, en torno a que la objeción presentada por los peticionarios al pedido del Departamento de la Familia *"[s]e determinará en futura vista correspondiente."*

No está claro, de este modo, que el Tribunal hubiera actuado de manera definitiva sobre este asunto, por lo que no estimamos que debamos pronunciarnos sobre el particular en esta etapa. █

El Tribunal de Primera Instancia sí concedió la solicitud del Departamento de la Familia de que se suspendieran las relaciones entre la menor y los peticionarios, aclarando que ordenaba lo anterior *"provisionalmente y sujeto a disposición posterior."*

Los peticionarios plantean que el Tribunal de Primera Instancia abusó de su discreción al ordenar lo anterior.

No entendemos, sin embargo, que el Tribunal se hubiese excedido de su autoridad al conceder esta medida provisional. Lo cierto es que el Departamento de la Familia ha alegado que la menor está siendo objeto de presión por sus padres, por haber provocado la separación de la familia. Dicha información aparece corroborada por uno de los informes presentados ante la consideración del Tribunal.

Es evidente, en este sentido, que las alegaciones de la menor sobre la conducta de sus hermanos ha provocado un disloque de la familia de los peticionarios. En la medida en que dichas alegaciones no han podido ser suficientemente corroboradas en esta etapa, es natural que los peticionarios abriguen escepticismo sobre las mismas y que reclamen que se reponga su unidad familiar a su condición.

Corresponderá al Tribunal de Primera Instancia evaluar de forma cuidadosa la evidencia y determinar si la salud de la menor se verá mejor servida mediante su retorno a su hogar. Dada la naturaleza de la controversia, sin embargo, no estimamos que el Tribunal de Primera Instancia hubiera abusado de su discreción al suspender provisionalmente las relaciones entre los peticionarios y la menor, pendiente la celebración de la vista dispositiva.

Los peticionarios plantean que el Tribunal de Primera Instancia se negó a permitirles que se sometiera a la menor a un examen por un perito contratado por ellos.

La Ley para el Bienestar y Protección Integral de la Niñez autoriza al Tribunal a, durante cualquier etapa de los procedimientos, ordenar que el menor sea examinado física o mentalmente, conforme a lo dispuesto por la Regla 32 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 32. 8 L.P.R.A. sec. 447q (Supl. 2005).

El Tribunal Supremo de Puerto Rico ha resuelto, sin embargo, que cuando se solicita un examen psicológico de un menor de edad, víctima de un alegado abuso sexual, dicho examen debe ser autorizado solamente cuando la parte solicitante ha ofrecido una justificación adecuada para el mismo, lo que debe ser sopesado contra las consecuencias perjudiciales que podrían ocasionarse a la víctima. *Pena et al. v. Pena et al.,* 164 D.P.R. ___ (2005), **2005 J.T.S. 89**, a las págs. 1,353-4; *Otero v. Delbrey,* 144 D.P.R. 688, 703 (1998); *Pueblo v. Arocho Soto,* 137 D.P.R. 762, 770 (1994); véase, además, *Rodríguez del Valle v. Corcelles Ortiz,* 135 D.P.R. 834, 847 (1994).

En particular, el Tribunal ha señalado que *"la naturaleza intimidante y embarazosa de un examen psicológico puede aumentar el trauma emocional que sufre la víctima ... [y] puede tener el efecto, además, de llevar la víctima a inhibirse de informar la comisión de delitos de abuso sexual en su contra y que puede atemorizar de tal manera a la víctima que ésta llegue al punto de negarse a declarar en el juicio."* Otero v. Delbrey, 144 D.P.R. a la pág. 702.

Se ha sugerido, en vista de lo anterior, que la mejor alternativa es que el perito sea uno designado por el Tribunal, y que el derecho de una parte a presentar un perito adicional quede subordinado a que se demuestre la necesidad para dicho perito. *Pena et al. v. Pena et al.*, **2005 J.T.S. 89**, a la pág. 1,354; *Pena v. Pena*, 152 D.P.R. 820 (2000).

Entre otros factores, para tomar la determinación de si debe ordenarse el examen del menor, el Tribunal Supremo de Puerto Rico ha expresado que deben considerarse: la naturaleza del examen solicitado y lo intrusivo del mismo; la edad del menor involucrado; el efecto o la carga emocional o física que el examen o evaluación adicional conllevará para el menor; el valor probatorio que ese testimonio pericial tendrá sobre la controversia legal planteada ante el Tribunal y la evidencia disponible a las partes y al tribunal en ese momento. *Pena et al. v. Pena et al.*, **2005 J.T.S. 89**, a la pág. 1,354.

El Tribunal Supremo de Puerto Rico ha aclarado, sin embargo, que "*en última instancia, el derecho a descubrimiento de prueba de una parte no puede satisfacerse a costa de la salud emocional de un menor.*" *Pena et al. v. Pena et al.*, **2005 J.T.S. 89**, a la pág. 1,354.

En la situación de autos, según hemos visto, la menor ha sido evaluada por los funcionarios del Departamento de Familia y por los funcionarios de la Universidad Carlos Albizu. No surge que los peticionarios hubieran justificado la necesidad de someter a la niña a evaluaciones por peritos adicionales, lo cual, según hemos indicado, podría afectarle adversamente. *Pena et al. v. Pena et al.*, **2005 J.T.S. 89**, a la pág. 1,354; *Otero v. Delbrey*, 144 D.P.R. a la pág. 703 y *Pueblo v. Arocho Soto*, 137 D.P.R. a las págs. 768-770.

Los peticionarios también se quejan de que el Tribunal de Primera Instancia no acogió su solicitud de descubrimiento de prueba. Del expediente se desprende, sin embargo, que durante la conferencia celebrada el 13 de septiembre de 2005, el foro de Primera Instancia proveyó para que se contestara la solicitud de los peticionarios. Se concedió término a dicha parte para que presentara cualquier objeción posterior, lo que los peticionarios no han realizado.

La norma es que el Tribunal de Primera Instancia goza de amplia facultad para reglamentar los procedimientos ante sí, incluyendo el descubrimiento de prueba. *Rodríguez y Otros v. Syntex, Inc.*, 160 D.P.R. ___, 2003 J.T.S. 147, a la pág. 157; *Chévere v. Levis*, 150 D.P.R. 525, 545 (2000); *Amaro González v. First Fed. Savs.*, 132 D.P.R. 1042, 1054 (1993); *Lluch v. España Service Sta.*, 117 D.P.R. 729, 743-744 (1986).

Tampoco surge que los peticionarios hubieran presentado sus objeciones sobre este particular ante el Tribunal de Primera Instancia, por lo que no está claro que debamos acoger su planteamiento en esta etapa. *Misión Ind. P.R. v. J.P.*, 146 D.P.R. 64, 145 (1998); *Trabal Morales v. Ruiz Rodríguez*, 125 D.P.R. 340, 351 (1990); *Sánchez v. Eastern Air Lines, Inc.*, 114 D.P.R. 691, 694-695 (1983); *Garaje Rubén, Inc. v. Tribunal Superior*, 101 D.P.R. 236, 242 (1973); *Santiago Cruz v. Hernández Andino*, 91 D.P.R. 709, 711-712 (1965). ■

Los peticionarios podrán presentar cualquier planteamiento relacionado con este asunto ante el Tribunal de Primera Instancia.

Los peticionarios se quejan de que el Tribunal de Primera Instancia no ha señalado la vista de disposición final en este caso. La Ley, según hemos visto, requiere que dicha gestión se lleve a cabo en un período no menor de 12 meses después de haberse ordenado la custodia provisional, con la intención de que la agencia tenga la oportunidad de investigar el caso y desarrollar el plan de acción correspondiente. En el presente caso, los peticionarios fueron privados de la custodia de su hija el 14 de septiembre de 2005, por lo que resulta apropiado que el Tribunal de Primera Instancia actúe sobre este particular. 8 L.P.R.A. sec. 447k (Supl. 2005).

No entendemos indispensable, sin embargo, que este Tribunal intervenga en esta etapa para ordenar lo

anterior.

Lo cierto es que los documentos presentados reflejan que el trámite ante el foro de Primera Instancia se ha visto dilatado por las distintas controversias interlocutorias levantadas por las partes ante dicho foro. Confiamos, sin embargo, en que el Tribunal de Primera Instancia habrá de atender el presente caso con la premura que justifica la naturaleza del procedimiento, y que requiere la Ley, y que habrá de tomar las medidas para la pronta resolución de los asuntos en controversia, sin necesidad de ulterior mandato por parte de este Tribunal.

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones